## INTER OCEAN S. S. CO. v. BEHRENDSEN.

No. 9019.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1942.

Russell V. Bleecker, of Cleveland, Ohio, for appellant.

S. Eldridge Sampliner, of Cleveland, Ohio, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

A libel in admiralty was filed against the appellant as the owner of the steamer James E. Davidson, by the appellee who became ill while employed thereon as fireman. After four inept amendments thereto the court, incredibly patient with libellant's counsel, recognized the last amendment as stating a cause of action only in consideration of the doctrine that seamen are wards of the Admiralty Court. The issues were submitted to the jury, though the libel itself was withheld because of immaterial and prejudicial allegations therein contained. A general verdict for the libellant followed which the court adopted as its findings and conclusions, and rendered judgment. The appeal challenges the result as being unsustained by substantial evidence.

The libel alleges that on September 16, 1936, the libellant while employed on the steamer, sustained severe intestinal ailments due to contaminated drinking water furnished by the owner, and suffered thereafter from nausea and dyspepsia with gastric hyperesthesia resulting from a severe toxic gastro-enteritis. He sought recovery for maintenance and cure. In evidence the libellant claimed total incapacity for a period of 24 months, between 1936 and 1941, although it is not clear when the alleged period of disability began and when it ended, or whether there were but intermittent periods of disability. The jury awarded him $1,200.

It appears, however, beyond dispute, that the libellant, with his wages paid in full, left the steamer Davidson at Ashtabula on September 22, with a hospital ticket from his captain, by means of which he was admitted to the Marine Hospital at Cleveland on September 24, 1936, and was discharged on September 28. On September 30, 1936, he again shipped in the same vessel and remained in her until October 9. On October 12, 1936, he entered the employ of the steamer J. E. Upson and remained at work in her until December 12, when she was laid up for the winter. He was not at that time disabled and would have stayed with the ship longer if she had been longer in commission. In February, 1937 the libellant entered the employ of the Brightman Nut Company where he was steadily employed until December 8

of that year. During the winter and spring of 1938 he was variously employed, painting houses, cutting railroad ties, and was for a month and a half a fireman upon a Sandusky ferryboat. Early in October of 1938 he secured a position in the Commodore Perry Hotel at Toledo where he has since continuously been employed. During all this period, however, the libellant claims that he made substantial expenditures for medicines and doctors' fees without which he says he could not have performed the duties incident to his several employments

■ The ancient duty of a vessel and her owner to provide maintenance and cure for seamen injured or falling ill while in service, has been so recently and so carefully discussed by the Supreme Court in Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993, that it becomes unnecessary to trace the origin of the doctrine or to enlarge upon its development. It is necessary to observe, however, that it is not restricted to those cases where the seaman's employment is the cause of the injury or illness, and that awards are not made as compensation. Damages for injury suffered through breach of duty by the owner are recoverable upon other principles of law, and by virtue of specific statutory enactments. Mr. Justice Story's exposition of the necessity for the protection of seamen who, as a class, are generally poor, friendless and improvident, from the hazards of illness and abandonment while in foreign ports, in Harden v. Gordon, C.C., Fed.Cas.No.6,047 has come to be considered classic and numerous decisions pay tribute to it.

■ The duty that develops upon the owner embraces medical care, nursing, and attention in order to effect a cure so far as that may be possible, Whitney v. Olsen, 9 Cir., 108 F. 292, 293, 297, and the obligation does not end with the voyage. It is clear, however, from the holding in Calmar v. Taylor, supra, and from the very nature of the concept of maintenance and cure, that the owner's obligation has been discharged when the seaman has successfully reentered gainful employment. As we interpret the Calmar case the duty extends beyond the voyage only for a fair time in which to effect such improvement in the seaman's condition as reasonably may be expected to result from nursing, care and medical treatment. "This would satisfy such demands of policy as underlie the imposition of the obligation. Beyond this we think there is no duty, at least where the illness is not caused by the seaman's service." [303 U.S. 525, 58 S.Ct. 654, 82 L. Ed. 993.] This likewise is the interpretation of the case reached in Loverich v. Warner Co., 3 Cir., 118 F.2d 690, 693, where it is said, "Under the decision in that case libellant here is entitled to an award for maintenance and cure for a reasonable period following the term of his employment unless payment by the respondent is relieved by the libellant's subsequent employment or laches."

■ Assuming that Behrendsen's illness imposed upon the appellant an obligation for his maintenance and cure not only to the termination of the voyage upon which he was embarked, but for a fair or reasonable period thereafter, the libellant has failed to show that there was any period during which he was either not employed or hospitalized without expense, except for a brief hospitalization in 1938, which was at the request of the appellant when the libellant was pressing his claim not only for maintenance and cure but by way of damages for negligence.

The libellant may well have a remedy under the Jones Act, § 33, 46 U.S.C.A. § 688, and there is indication in the record that he has pursued that remedy. Except for a negligible period between the termination of the voyage and the entry of the libellant into the Marine Hospital, there is no evidence that the appellant failed in its obligation of maintenance and cure between the time the disability occurred and the time it was terminated by the libellant resuming his full duties on September 28, 1936.

The decree below is reversed and the cause remanded with direction to dismiss the libel.